UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MASTER BUILDERS ASSOCIATION OF KING AND SNOHOMISH COUNTIES, et al.,<br><br>  Plaintiffs,<br><br>  v.<br><br>CITY OF STANWOOD,<br><br>  Defendant. | No. C03-3589P<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT |

This matter comes before the Court on Plaintiffs' Motion for Partial Summary Judgment and Defendant's Motion for Summary Judgment. (Dkt. Nos. 49 & 50). Having reviewed all the briefs and supporting materials and having heard oral argument on the matter, the Court hereby GRANTS Defendant's motion and DENIES Plaintiffs' motion. There is no justiciable controversy to support Plaintiffs' request for declaratory judgment under Washington's Declaratory Judgment Act.

BACKGROUND

This case is about the terms and conditions under which Defendant City of Stanwood ("the City" or "Stanwood") is to provide water and sewer services to areas outside City limits but inside the urban growth area ("UGA") boundary. Plaintiffs maintain that the City is obligated to provide such services without imposing certain development standards and compliance with the City's comprehensive plan. The City maintains that it may lawfully impose conditions on the provision of such services.

ORDER - 1

1  In 2003, the City Council approved Ordinance 1140 relating to utility extension agreements, which amended the Stanwood Municipal Code. Specifically, it requires an applicant for water and/or sewer service requiring an extension of such utilities to property located outside the City limits but within the UGA boundary to comply with the City's zoning code and development standards. After Plaintiffs filed this lawsuit, and in response to objections by Plaintiffs, the City adopted Ordinance 1169 amending the variance provisions in Ordinance 1140, which provides for an exception or variance from Ordinance 1140's requirements in certain circumstances. The City also adopted Ordinance 1164 amending portions of critical areas, which effects the City's development standards.

Plaintiffs challenge the legality of Ordinance 1140. Plaintiffs allege violations of various state statutes, the state constitution, and the federal constitution in its complaint. Plaintiffs filed their complaint in state court. The City removed the case asserting federal question removal jurisdiction.

## ANALYSIS

Pursuant to Fed. R. Civ. P. 56(c), the court may enter summary judgment if there are no material issues of fact in dispute. Here, the parties have filed cross motions for summary judgment, agreeing that there are no genuine issues of fact in dispute and that the Court can resolve this case on purely legal grounds.

I.  Proper Parties in this Case

Plaintiff Ivan Lund's claim is moot because he has sold his property and the new owner has applied for and obtained a variance under Ordinance 1140 (and the City has annexed the property). Counsel for Plaintiffs acknowledge this and voluntarily dismiss Plaintiff Lund from this action. Therefore, the Court dismisses Plaintiff Lund's claim. The only remaining Plaintiff is Master Builders Association of King and Snohomish Counties, which is an organization of developers, landowners, and contractors working in this area.

II.  Justiciable Controversy

ORDER - 2

The Washington State Uniform Declaratory Judgment Act provides that a person whose rights are affected by a municipal ordinance may obtain a declaration of rights determining any question of construction or the validity under the ordinance. RCW 7.24.020.[1] While the Act should be interpreted liberally, four elements must be present to have a justiciable controversy: "(1) an actual, present and existing dispute, or the mature seeds of one, as distinguished from a possible, dormant, hypothetical, speculative, or moot disagreement, (2) between parties having genuine and opposing interests, (3) which involves interests that must be direct and substantial, rather than potential, theoretical, abstract or academic, and (4) a judicial determination of which will be final and conclusive." Grandmaster Sheng-Yen Lu v. King County, 110 Wn. App. 92, 98, 38 P.3d 1040 (2002).

Here, Plaintiff has not shown that there is an actual and existing dispute. Plaintiff directs its challenge solidly at Ordinance 1140 even though Ordinance 1169 amended portions of the variance provision in Ordinance 1140 to which Plaintiff objected, and Ordinance 1164 amended portions of critical areas, which effects the City's development standards and thereby eliminated part of Ordinance1140 to which Plaintiff objected.  No party to this action has applied for a variance or appealed the denial of a variance (now that Plaintiff Lund's claims are moot). Plaintiff maintains that this is not necessary because it challenges the facial validity of the ordinance, not as applied to any specific property. "A declaratory action may be used to determine an ordinance's facial validity, as distinguished from its application." City of Bellevue v. East Bellevue Cmty. Council, 91 Wn. App. 461, 465 (1998), overturned on other grounds 138 Wn.2d 937, 983 P.2d 602 (1999); Seattle-King County Council of Camp Fire v. State Dept. of Revenue, 105 Wn.2d 55, 57-58, 711 P.2d 300 (1985). While this may be true, this does not relieve the Plaintiff of the obligation to show an actual dispute.

---

[1] Plaintiff also seeks relief under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201. However, Plaintiff never amended its complaint to seek relief under this statute. Consequently, only the Washington statute is at issue here.

ORDER - 3

Here, Plaintiff has not clearly demonstrated any substantive conflict between the City's and County's respective requirements, especially in light of Ordinances 1164 and 1169. Furthermore, it would be speculative at best to conclude that any of the property owners Plaintiff purports to represent would likely be damaged by application of the Ordinance to them. "A plaintiff asserting a facial challenge to a statute must demonstrate that he has sustained or is imminently in danger of sustaining a direct injury as the result of the statute. This injury requirement applies in a declaratory judgment action." Carson Harbor Vill. Ltd. v. City of Carson, 37 F.3d 468, 475-76 (9th Cir. 1994) (internal quotes and citation omitted).

Lastly, the Court notes that there are serious deficiencies in the record as to Plaintiff's representation standing. Plaintiff Master Builders has not submitted declarations of any of the property owners it purports to represent. Thus, there is nothing in the record to indicate that it represents property owners who in fact own property in Snohomish County that would be subject to Ordinance 1140 and would likely not qualify for a variance. See Pennell v. City of San Jose, 485 U.S. 1, 6-8 (1988).

## CONCLUSION

The Court GRANTS Defendant's Motion for Summary Judgment and DENIES Plaintiffs' Motion for Partial Summary Judgment. There is no justiciable controversy to support Plaintiffs' request for declaratory judgment under Washington's Declaratory Judgment Act.

The clerk is directed to provide copies of this order to all counsel of record.

Dated: September 6, 2005

Marsha J. Pechman
United States District Court

ORDER - 4